[Civ. No. 7838.  Second Appellate District, Division Two.—May 23, 1933.]

W. HASENDAHL, Respondent, v. J. D. HALSTEAD LUMBER COMPANY (a Corporation), Appellant.

Benjamin & Benjamin and Aaron Elmore for Appellant.

L. Lee Bernstein for Respondent.

STEPHENS, J.—Respondent as plaintiff had judgment against appellant as defendant, upon the guarantee of a promissory note. ■ The only point presented to us is whether or not the evidence relating to a certain document supports the trial court's conclusion as to its meaning. The document so far as material to the issue is as follows:

"Los Angeles, Calif., Sept. 18, 1928.
"Mr. Walter Hasendahl (address), Dear Sir: In consideration of your having extended the time of monthly payments under my October 17th, 1927, note and trust deed . . . this confirms my agreement to pay you interest on the unpaid balance of principal under said note at the rate of

12% per annum for the time that such monthly payments have been or will be delinquent instead of the 8% per annum mentioned on the note. (Then follows provision for paying as in past on the fifth instead of the first of each month without interest for the intervening days.)

"Yours very truly,
"Louis A. Voss."

On February 10, 1929, Julia B. Voss signed this document at request of respondent. The Vosses were husband and wife and makers of the note referred to in the above letter. Respondent owned the note and appellant was a guarantor. Payments had been kept up with reasonable promptness, but the September payment was late and respondent objected and this had been the reason for Voss' call upon respondent on the day the letter was written. Two days later the monthly $50 amortizing payment was made to a bank which was collecting on the note and the payment was credited first to interest at eight per cent, balance to principal, and this occurred again the next month. No further payments were made until June 27, 1929, and another August 10, 1929, of $50 each, the whole being accredited by the bank as interest. Much correspondence and some telephone communication was had between respondent and appellant, in which respondent was seeking to have appellant act upon the guarantee. Appellant called upon Voss and discovered the existence of the letter, but according to respondent's testimony he told appellant the letter was but an offer and asked appellant if he would accept it. Appellant, however, relied upon the letter as effectively releasing him, and the suit was brought. Both Voss and respondent testified that no word of acceptance or rejection of the letter had been given by respondent and that it was regarded by both as a mere offer. Voss testified also that he acted upon the belief that it had been accepted. There was other testimony of weight presented at the trial and appellant presents an able argument which we think could only be considered by the trial court. The letter, standing alone, is not definite nor according to ordinary practice where it is sought to change an important contract. Its effectiveness must be decided after the weighing of evidence susceptible of two interpretations. The trial court did this and decided in accord with respondent's ideas. The trial court did not abuse its discretion, therefore we cannot change its decision.

The judgment is modified in accordance with a written stipulation that the interest from date of entry shall bear seven per cent instead of eight per cent, and so modified, it is affirmed. Respondent to recover costs on appeal.

Works, P. J., and Craig, J., concurred. .